SO ORDERED.

Dated: November 18, 2019

**Daniel P. Collins, Bankruptcy Judge**
_____

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **In re:** | Chapter 7 Proceedings |
| **BOB ADAMS CLASSIC CARS, LLC,** | Case No.: 2:19-bk-04481-DPC |
| **Debtor.** | Adversary No.: 2:19-ap-00218-DPC |
| **ROBERT A. MACKENZIE,** | **UNDER ADVISEMENT ORDER ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT** |
| **Plaintiff,** | |
| v. | **[NOT FOR PUBLICATION]** |
| **ROBERT S. ADAMS, JR. and KAREN R. ADAMS; ROBERT S. ADAMS, III; CLASSIC CAR INVESTMENTS, LCC,** | |
| **Defendants.** | |

Before this Court is Plaintiff, Robert A. Mackenzie's ("Plaintiff") Motion for Partial Summary Judgment ("Motion"), Defendants', Robert and Karen Adams' ("Defendants") Response and Cross Motion for Summary Judgment ("Response"), and Plaintiff's Reply in Support of Motion for Partial Summary Judgment ("Reply").

After reviewing the parties' briefs and hearing oral argument on the issue, this Court denies Plaintiff's Motion and Defendant's Cross Motion.

**I.    BACKGROUND**

On May 4, 2017, Masiyoshi Elliot Yamada ("Yamada") was awarded a judgment against Bob Adams Classic Cars, LLC ("BACC") in the amount of $43,000. On January 3, 2017, ("Transfer Date"), BACC transferred $42,000 of funds ("Transfer") to the personal account of

Robert S. Adams, Jr. On November 16, 2018, Mr. Yamada filed case No. CV2018-014243 ("State Court Case") in the Arizona Superior Court, County of Maricopa ("State Court") for fraudulent conveyance. On April 16, 2019, BACC filed for Chapter 7 Bankruptcy. On June 18, 2019, the State Court case was removed to this Court.

**II.  JURISIDICTION**

Plaintiff removed the State Court Case to the United States Bankruptcy Court for the District of Arizona. Pursuant to 28 U.S.C. § 1334(b), the District Court has original jurisdiction of all civil proceedings arising under or arising in or related to cases under Title 11. Pursuant to 28 U.S.C. § 1452(a), a party may remove any cause of action in a civil action to the District Court for the district where such civil action is pending, if such District Court has jurisdiction of the cause of action under Section 1332 of this title. Pursuant to General Order 01-15, the District Court has referred all cases and proceedings under Title 11 or arising in or related to a case under Title 11 to the Bankruptcy Court for this district. This proceeding having been appropriately removed. This matter being a core proceeding, this Court has jurisdiction to enter a final judgment determining whether the Transfer was fraudulent. 28 U.S.C. § 157(b)(2)(H).

**III.  ISSUE**

Whether Plaintiff or Defendants are entitled to summary judgment under A.R.S. §§ 1004 and/or 1005.

**IV.  ANALYSIS**

Summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] An issue is "genuine" only if there is an evidentiary basis on which a reasonable fact finder could find in favor of the non-moving party. *In re Marciano*, 459 B.R. 27, 51 (9th Cir. B.A.P. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is

---

[1] Fed. R. Bankr. P. 7056 provides that Rule 56 of Fed. R. Civ. P. applies in adversary proceedings.

"material" only if it could affect the outcome of the suit under governing law. *Id*. at 52. At the summary judgment stage, the court does not weigh the evidence or determine the truth of the matter but determines whether there is a genuine issue for trial. *Id*.

Under 11 U.S.C. § 544(b), a trustee is permitted to stand in the shoes of a creditor to assert any state law claims that a creditor may have. In this adversary proceeding, Plaintiff relies on A.R.S. §§ 44-1004 and 44-1005. A.R.S. § 44-1004 provides, in relevant part:

> A transfer made…by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation under any of the following:
> 1. With actual intent to hinder, delay or defraud any creditor of the debtor.

A.R.S. § 44-1004.

A.R.S. § 44-1004(B) codifies a nonexclusive list of badges of fraud. Courts have found that a finding of one or two badges of fraud may be sufficient to prove fraudulent transfer. *Cashion Gin Co. v. Kulikov,* 1 Ariz.App. 90, 97 (1965).

> A.R.S. § 44-1005 provides in relevant part:
> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

A.R.S. § 44-1005.

Constructive fraud under this statute requires both insolvency and a transfer not for reasonably equivalent value. *Hullett v. Cousin*, 204 Ariz. 292 (2003). Payment to post-transfer creditors in no way "remediates" the harm to unpaid pre-transfer creditors caused by debtor's transfer. *In re Strasser*, 303 B.R. 841, at 847 (Bankr. Ariz. 2004).

Plaintiff argues that the Transfer from BACC to Robert S. Adams Jr. was a fraudulent transfer under either A.R.S. § 44-1004 or A.R.S. § 44-1005. Defendants contend that the Transfer was properly made to benefit BACC's creditor, Jim Pupillo ("Pupillo"), and subsequently paid to Pupillo after the sale of a 1965 Lincoln.[2]

---

[2] DE 28, at page 7, paragraph 2. "DE" references a docket entry in this adversary proceeding 2:19-ap-00218-DPC.

## A. ANALYSIS UNDER A.R.S § 44-1004

The parties do not dispute that on January 3, 2017, BACC transferred funds of $42,000 to Robert S. Adams, Jr.[3]

The parties dispute whether Plaintiff has presented uncontroverted evidence of the requisite intent to hinder, delay or defraud creditors of BACC under A.R.S. § 44-1004(A)(1). Plaintiff relies on Robert S. Adams Jr.'s testimony that he wanted to "protect" the funds from "you people running and grabbing the money out of my account" as undisputed evidence of his requisite intent.[4] Defendants dispute that this testimony demonstrates the requisite intent under A.R.S. § 44-1004 and argues that the Transfer was to benefit a creditor of BACC.[5] The Court cannot determine whether Defendants had the actual intent to hinder, delay or defraud creditors based on this testimony from a deposition transcript. Whether Defendants intended to hinder, delay or defraud creditors is a material fact that is reasonably disputed. This Court will need to evaluate the credibility and veracity of Robert S. Adams Jr.'s testimony at trial.

The badges of fraud that have been codified under A.R.S. § 44-1004(B) and which are undisputed as follows: (i) the Transfer was to an insider;[6] (ii) prior to the Transfer, BACC had been sued or threatened with suit;[7] (iii) the Transfer was substantially all of BACC's assets;[8] (iv) BACC removed or concealed assets by transferring the funds out of BACC's bank account;[9] (v) BACC was insolvent as of December 2016.[10]

Defendants do not dispute the "badges of fraud" articulated by Plaintiffs but argue that Debtor received reasonably equivalent value in exchange for the transfer because the obligation to Pupillo was satisfied. Defendants suggest that fraudulent intent did not exist where the Transfer was made so Pupillo could eventually be paid what BACC owed him. Whether an obligation was owed to Pupillo and, if so, when that obligation was incurred are disputed material facts that need to be determined at trial.

---

[3] DE 19, at page 4, paragraph 20 and DE 28, at page 5, paragraph 20.
[4] DE 19, at page 5, paragraph 25 and DE 28, at page 6, paragraph 25.
[5] DE 28, at page 5, paragraph 24.
[6] DE 19, at page 4, paragraph 23 and DE 28, at page 5, paragraph 23.
[7] DE 19, at page 2, paragraphs 1-3, and DE 28, at page 2, paragraphs 1-3.
[8] DE 19, at page 3, paragraphs 14-15 and 17-19, and DE 28, at page 4, paragraphs 14-15 and 17-19.
[9] DE 19, at page 4, paragraphs 21-23 and DE 28, at page 5, paragraphs 21-23.
[10] DE 19, at page 4, paragraph 17 and DE 28, at page 4, paragraph 17.

While a number of the badges of fraud undisputedly exist, the Court cannot find that these undisputed badges of fraud confirm Defendants' fraudulent intent. Rather, the court will consider all the badges of fraud in the context of the evidence presented by Plaintiff and Defendants to determine if the requisite intent existed under § 44-1004.

### B. ANALYSIS UNDER A.R.S. § 44-1005

It is undisputed that Yamada's claim arose before the transfer was made or the obligation was incurred and that the Debtor was insolvent at the time of the transfer.[11] Defendants provide evidence, based on the Declaration of Pupillo,[12] that the Transfer was for value, and therefore not fraudulent under A.R.S. § 44-1005.

A material dispute still exists as to whether Debtor received reasonably equivalent value in exchange for the Transfer. Defendant's primary evidence rests in the statements made by Pupillo.[13] Defendants claim that BACC owed Pupillo $42,000 for his investment in a 1965 Lincoln and had an obligation to pay Pupillo when the 1965 Lincoln was sold by BACC.[14] Defendants argue that Robert S. Adams, Jr. subsequently paid $42,000 to Pupillo.[15] The evidence that Defendants put forth to argue that the Transfer is of reasonably equivalent value is rooted in the Declarations of Pupillo and Robert S. Adams Jr.[16] Both the timing of the payments to Pupillo and whether Debtor ever did in fact incur an obligation to Mr. Pupillo are disputed.

The parties do not dispute whether the funds were ever property of BACC.[17]

The court must determine whether BACC owed an obligation to Pupillo and, if so, when that obligation was incurred and whether BACC obtained reasonably equivalent value in connection with the Transfer.

---

[11] DE 19, at page 5, paragraph 25 and DE 28, at page 6, paragraph 25.
[12] DE 28, at pages 13-14.
[13] *Id*.
[14] *Id*., at page 7, paragraphs 2-3.
[15] *Id.,* at paragraph 4.
[16] *Id*. 28, at pages 13-14.
[17] DE 19 at page 4, paragraph 21 and DE 28 at page 5, paragraph 21.

## V. CONCLUSION

It is undisputed that the Debtor was insolvent at the time of the transfer and that Yamada was a pre-existing creditor of BACC. Several material facts remain at issue in this case for trial. The parties genuinely dispute whether Defendants had the requisite actual intent to hinder, delay or defraud creditors on the Transfer Date. The parties reasonably dispute whether the existence of several badges of fraud, codified under A.R.S. § 44-1004(B), demonstrate that Defendants had the requisite intent under § 44-1004. Also, the parties reasonably dispute whether Pupillo held any interest in the 1965 Lincoln or its proceeds, and whether there was any obligation by BACC to Pupillo prior to the Transfer. Finally, the parties dispute whether the BACC received reasonably equivalent value for the transfer. These material disputed facts all must be determined at trial.

Based upon the foregoing, **IT IS HEREBY**

**ORDERED** that Plaintiff's motion for summary judgment and Defendant's cross motion for summary judgment on the Fraudulent Transfer Claim are DENIED. The Court does, however, grant partial summary judgment on the undisputed facts noted in this Order.

**DATED AND SIGNED**